UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JASON DOUGLAS SMALL,

    Petitioner,

        v.                          CAUSE NO. 3:21-CV-685-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Jason Douglas Small, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (WCC-21-1-491) at the Westville Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of battering a staff member in violation of Indiana Department of Correction Offense 117. Following a hearing, he was sanctioned with the loss of his entire balance of earned credit time and two demotions in credit class.

Small argues that he is entitled to habeas relief because he did not knowingly or intentionally touch the correctional officer. He maintains that he lacked the requisite mental state because he had smoked K2, a synthetic drug.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

Departmental policy defines battery as "knowingly or intentionally touching another person in a rude, insolent, or angry manner." ECF 14-11. Under Indiana law, "[i]ntoxication is not a defense in a prosecution for an offense and may not be taken into consideration in determining the existence of a mental state that is an element of the offense." Ind. Code § 35-41-2-5. However, Indiana law provides an exception if the defendant can demonstrate that "the intoxication resulted from the introduction of a substance into his body: (1) without his consent; or (2) when he did not know that the substance might cause intoxication." Ind. Code § 35-41-3-5.

The administrative record includes staff reports that Small appeared to be intoxicated and bit the eyelid of a correctional officer who attempted to restrain him . ECF 14-1, ECF 14-2, ECF 14-3. It includes photographs of the correctional officer's injuries and video surveillance recordings of the altercation. ECF 15; ECF 19. The staff reports, the photographs, and the video surveillance recordings constitute some evidence that Small intentionally bit the correctional officer and thus committed battery on a staff member. Though Small represents that he believed that he had smoked only tobacco and lacked the requisite culpability for battery, the hearing officer was not required to credit this representation. Therefore, the claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

Small argues that he is entitled to habeas relief because the hearing officer did not allow him to speak at the hearing or to present evidence. He maintains that the hearing officer refused to consider his testimony that:

> I had a medical emergency from a bad reaction and mental incapacitation due to an intoxicant I did not know would cause me to have such a reaction and that I did not remember the offense.

ECF 2-1 at 12. He also maintains that the hearing officer did not allow him to present the incident report and a conduct report as evidence. *Id.* at 9-10, 12. According to Small, the hearing officer responded that "what [he] had to say didn't matter because my actions were the same as a drunk driver who had just killed someone and that [he] would be punished as such." *Id.* at 5.

"[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.* Though Small asserts that the hearing officer did not consider his statement, the hearing officer's response reflects that she did consider his statement but declined to fully credit it, instead concluding that the voluntary intoxication statute undermined his defense. Further, the administrative record contained copies of the staff reports that Small intended to present. ECF 14-1, ECF 14-2. Small states that he intended to also present statements from medical staff and correctional staff to demonstrate the degree of his intoxication, but the hearing officer's conclusion regarding the voluntary intoxication statute rendered those statements irrelevant. Therefore, this claim is not a basis for habeas relief.

If Small wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 2);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Jason Douglas Small leave to proceed in forma pauperis on appeal.

SO ORDERED on February 14, 2022

                                                            s/Michael G. Gotsch, Sr.
                                                            Michael G. Gotsch, Sr.
                                                            United States Magistrate Judge